# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Julie Rutherford, | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Robert Rutherford, Dean Kessel, and | ) | Case No. 1:06-cv-081 |
| Elizabeth McGregor, | ) | |
| | ) | |
| Defendants. | ) | |

___

On September 17, 2007, Defendant Dean Kessel filed a Motion to Amend Answer & Prayer for Relief. He seeks to amend his answer to include the following:

13. That the plaintiff and defendant Robert Rutherford conspired to defraud a legitimate creditor, i.e. Dean Kessel, and that as a result of their actions the defendant incurred attorneys fees and costs for which the plaintiff should be compensated as shown at trial.

Rule 15 of the Federal Rules of Civil Procedure provides in part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). It is generally left to the court's discretion whether to grant leave to amend the pleadings. Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir.1994); Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir.1994); Brown v. Wallace, 957 F.2d 564, 566 (8th Cir.1992).

Unless there is a good reason for denial, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend is generally granted. Becker v.

Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999); Brown v. Wallace, 957 F.2d 564, 566.  "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous."  Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908.

Neither the record nor the timing of the government's motion suggests any bad faith or dilatory motive.  Moreover, the motion poses no apparent prejudice to the plaintiff.  Accordingly, the court **GRANTS** Defendant Kessel's Motion to Amend Answer & Prayer for Relief (Docket No. 20).  Defendant Dean Kessel is directed to file the Second Amended Answer & Prayer for Relief.

**IT IS SO ORDERED.**

Dated this 9th day of October, 2007.

/s/ Charles S. Miller Jr.
Charles S. Miller, Jr.
United States Magistrate Judge