IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| Julie Rutherford,                                  )<br>                                                           )<br>                     Plaintiff,              )<br>                                                           )<br>           vs.                                          )<br>                                                           )<br>Robert Rutherford, Dean Kessel, and  )<br>Elizabeth McGregor,                          )<br>                                                           )<br>                     Defendants.         )<br>_____) | **ORDER GRANTING DEFENDANT<br>KESSEL'S MOTION FOR<br>SUMMARY JUDGMENT AND<br>DENYING PLAINTIFF'S MOTION<br>FOR SUMMARY JUDGMENT**<br><br>Case No. 1:06-cv-081 |

Before the Court is defendant Dean Kessel's Motion for Summary Judgment filed on November 21, 2007, and the Plaintiff's Motion for Summary Judgment filed on December 14, 2007. See Docket Nos. 24 and 26. On December 17, 2007, the Plaintiff filed a pleading entitled "Plaintiff's Brief Resisting Second Summary Judgment Motion and in Support of Plaintiff's Motion for Summary Judgment." See Docket No. 27. On January 31, 2008, Kessel filed a response in opposition to the Plaintiff's motion for summary judgment and a reply to the Plaintiff's response. See Docket No. 32. For the reasons set forth below, defendant Kessel's motion is granted and the Plaintiff's motion is denied.

I.    **BACKGROUND**

This is a quiet title action that arises out of a personal injury action initiated on September 19, 2004, in state district court by Dean Kessel ("Kessel") against defendant Robert Rutherford. See Kessel v. Robert Rutherford, Case No. 08-4-C-1681-1, (N.D, Sept. 17, 2004). In May of 2004, Kessel was assaulted in his home. Robert Rutherford was arrested, charged, and ultimately

1

convicted by a jury of burglary and assault. On September 17, 2004, the state district court entered an ex parte temporary restraining order requiring Robert Rutherford to cease and desist from the sale of his assets. See Docket No. 6-5. On September 21, 2004, a lis pendens was filed by Kessel against three condominium properties recorded as being owned by Robert Rutherford. See Docket No. 6-6. The legal descriptions of these properties, referred to as Parcel 1, Parcel 2, and Parcel 3, are as follows:

> ("Parcel 1")  Unit III, Park Place Condominium, created under a Declaration to Submit Property to a Condominium Project & Declaration of Restrictions, recorded as Document Number 307631, erected upon Lot Two (2), Block One (1), Replat of Auditor's Lot Twenty-eight (28) and the West Half (W1/2) of Auditor's Lot Twenty-seven (27) of Park Hill Addition to the City of Bismarck, Burleigh County, North Dakota, together with undivided interest in the common elements and limited common elements declared appurtenant to such unit.
>
> ("Parcel 2")  Unit V, Park Place Condominium, created under a Declaration to Submit Property to a Condominium Project & Declaration of Restrictions, recorded as Document Number 307631, erected upon Lot Two (2), Block One (1), Replat of Auditor's Lot Twenty-eight (28) and the West Half (W1/2) of Auditor's Lot Twenty-seven (27) of Park Hill Addition to the City of Bismarck, Burleigh County, North Dakota, together with the undivided interest in the common elements and limited common elements declared appurtenant to such unit.
>
> ("Parcel 3")  Unit # 22 and Garage Unit 22 of Fox Hill Condominium, created under a Declaration Establishing Plan of Condominium Ownership, recorded as Document Number 319455, and amendments thereto, located upon Lot One (1), Replat of Lot Ten (10), North Hills First Addition to the City of Bismarck, North Dakota, together with the undivided interest in the common elements and limited common elements declared appurtenant to such unit.

See Docket Nos. 6-2, 6-3, and 6-4.

In August 2005, Robert Rutherford informed his sister, Julie Rutherford, of the personal injury lawsuit. See Docket No. 25-35, (Deposition of Julie Rutherford, pp. 18, 84). Julie Rutherford states that, at the time she was informed of the lawsuit, she knew it was possible that Robert Rutherford would incur debt if there was a verdict in Kessel's favor. Id. at 19-20.

2

On October 15, 2005, Robert Rutherford appointed his sister, Julie Rutherford, as his attorney-in-fact under a Minnesota Statutory Short Form Power of Attorney. See Docket No. 12-3. On November 9, 2005, the Statutory Short Form Power of Attorney was recorded in the Office of the County Recorder for Burleigh County, North Dakota. The powers given to Julie Rutherford by Robert Rutherford included the right to transfer Robert Rutherford's property to herself, and the right to act with respect to claims or litigation on behalf of Robert Rutherford.

On December 2, 2005, more than a year after the lis pendens had been filed by Kessel, Julie Rutherford, acting through her power-of-attorney for Robert Rutherford, executed a warranty deed conveying Parcels 1, 2, and 3 to herself as grantee and subsequently recorded the deed on December 19, 2005. See Docket No. 6-7. This transfer occurred when Robert Rutherford was incarcerated at the North Dakota State Penitentiary in Bismarck, North Dakota. Julie Rutherford states that she mortgaged one or more of the condominium parcels and used the money to pay Robert Rutherford's attorneys' fees in the personal injury action brought by Kessel. See Docket No. 25-34, (Deposition of Julie Rutherford, p. 11).

The state trial on the personal injury action was held on April 17-19, 2006, in Bismarck, North Dakota. Julie Rutherford stated that she was present at the trial and sat at defense counsel's table. See Docket Nos. 25-35, (Deposition of Julie Rutherford, pp. 20, 84), and Docket No. 25-34, (Deposition of Julie Rutherford p. 27). Julie Rutherford acknowledged that she was in the courtroom when documentation was presented which showed that Robert Rutherford owned the real property in Bismarck referenced as Parcels 1, 2, and 3. See Docket No. 25-34, (Deposition of Julie Rutherford, pp. 27-28) . On April 27, 2006, the state district court entered a judgment pursuant to a jury verdict in favor of Kessel and against Robert Rutherford in the amount of $240,415.47 plus

3

interest. See Docket No. 12-20. Following post-trial motions, that judgment was appealed to the North Dakota Supreme Court on October 6, 2006.

On September 28, 2006, Kessel filed an ex parte motion in state court to set aside the transfers of Parcels 1, 2, and 3 which conveyance had occurred on December 2, 2005. Kessel alleged that the transfers were fraudulent. See Docket No. 12-22. On September 29, 2006, the state district court issued an order granting Kessel's motion and setting aside the transfers of Parcels 1, 2, and 3 made by Julie Rutherford to herself. See Docket No. 6-8. The state district court held that the transfers were null and void; that the transfers had no legal effect; and that title remains in Robert Rutherford. As previously noted, an appeal to the North Dakota Supreme Court was filed on October 6, 2006.

All three parcels were originally conveyed to Robert Rutherford via warranty deeds. The warranty deeds do not mention Julie Rutherford. See Docket Nos. 6-2, 6-3, and 6-4. Parcel 1 was conveyed to Robert Rutherford via a warranty deed on February 7, 2000. See Docket No. 6-3. The warranty deed certifies that the full consideration of $49,900.00 was paid for the property. The certificate of consideration was signed by Robert Rutherford and was duly recorded in the Burleigh County Recorder's Office. Parcel 2 was conveyed to Robert Rutherford via warranty deed on November 6, 2000. See Docket No. 6-2. The warranty deed certifies that the full consideration of $35,071.96 was paid for the property. The certificate of consideration was signed by Robert Rutherford and was duly recorded in the Burleigh County Recorder's Office. Parcel 3 was conveyed to Robert Rutherford via a condominium warranty deed on March 21, 1997. See Docket No. 6-4. The certificate of consideration was signed by Robert Rutherford and certifies that the full

consideration of $43,600.00 was paid for the property. The deed for Parcel 3 was also recorded in the Burleigh County Recorder's Office.

Julie Rutherford contends that the state district court order setting aside the December 2, 2005, conveyance is void. She contends that consideration was provided to purchase Parcels 1 and 2, and that Robert Rutherford violated their written agreement to record title in Julie Rutherford's name. In support of her contentions, Julie Rutherford references an undated, handwritten agreement between herself and Robert Rutherford stating that Robert Rutherford, as debtor, agreed to record the title to Parcel 1 in Julie Rutherford's name. See Docket No. 12-4. The only reference to a date is a handwritten note in the margin of the second page indicating that a check was received on January 15, 2000, from a First National IRA Account. See Docket No. 12-4, p. 2. The Marilyn Rutherford Estate Schedule of Non-Probate Assets shows that Julie Rutherford and Robert Rutherford were co-beneficiaries of the First National IRA Account. See Docket No. 12-8. Julie Rutherford also references undated, handwritten, and typed copies of a lease agreement between Julie Rutherford and Robert Rutherford. See Docket Nos. 12-5 and 12-6. The undated lease agreements refer to Julie Rutherford as the owner of Parcel 1. See Docket No. 12-6.

To support her claim of ownership of Parcel 2, Julie Rutherford references a handwritten and typed copy of a security agreement between herself and Robert Rutherford. See Docket Nos. 12-9 and 12-11. The security agreement provides that Robert Rutherford, as debtor, agreed to record title to Parcel 2 in Julie Rutherford's name. See Docket Nos. 12-9 and 12-11. The handwritten copy is dated January 15, 2000, and a handwritten notation provides "CK from First National Bank Grand Forks, $62k." See Docket No. 12-9. Julie Rutherford also references undated, handwritten, and typed copies of a lease agreement between herself and Robert Rutherford. See Docket Nos. 12-7

5

and 12-10.  The lease agreements refer to Julie Rutherford as the owner of Parcel 2.  <u>See</u> Docket Nos. 12-7 and 12-10.

Julie Rutherford contends that, on or about February 7, 2000, she obtained either an estate or interest in, or lien or encumbrance upon, Parcel 3 and that on that date Robert Rutherford agreed to quitclaim Parcel 3 to her.  <u>See</u> Docket No. 12-1.  Julie Rutherford refers in her affidavit to an agreement dated February 7, 2000, between Robert Rutherford and herself stating that Robert Rutherford would quitclaim Parcel 3 to Julie Rutherford.  However, the record is devoid of any such document.  Julie Rutherford also references undated, handwritten, and typed copies of a document entitled "Security Agreement Contract" in which Robert Rutherford granted a security interest in Parcel 3 to Julie Rutherford.  <u>See</u> Docket No. 12-12.

In further support of her claim to title in Parcels 1, 2, and 3, Julie Rutherford contends that she has furnished other funds to Robert Rutherford at various times and references four promissory notes made by Robert Rutherford that name Julie Rutherford as the payee.  <u>See</u> Docket Nos. 12-13, 12-14, 12-15, and 12-16.  The first promissory note, in the amount of $50,000, is dated May 2, 1999.  <u>See</u> Docket No. 12-13.  The second promissory note, in the amount of $50,000, is dated November 5, 1999.  <u>See</u> Docket No. 12-14.  The third promissory note, in the amount of $80,000, is dated July 14, 2000.  <u>See</u> Docket No. 12-15.  The fourth promissory note, in the amount of $70,000, is dated October 16, 2001.  <u>See</u> Docket No. 12-16.  The promissory notes do not indicate the purpose of the loans.

Julie Rutherford commenced this action in federal court on October 10, 2006, and seeks to quiet title in Parcels 1, 2, and 3.  <u>See</u> Docket No. 1.  Kessel filed a motion for summary judgment on November 15, 2006. <u>See</u> Docket No. 5.  On February 15, 2007, the Court denied Kessel's motion

for summary judgment. See Docket No. 15. Thereafter, the parties undertook discovery. On May 1, 2007, the North Dakota Supreme Court affirmed the judgment of the state district court. See Kessel v. Rutherford, 734 N.W.2d 342 (N.D. 2007).

On November 21, 2007, Kessel filed a second motion for summary judgment. See Docket No. 24. Kessel raised several arguments regarding Julie Rutherford's fiduciary relationship created by the power-of-attorney over Robert Rutherford. Kessel asserts that the transfers of Parcels 1, 2, and 3 by Julie Rutherford to herself on December 2, 2005, were fraudulent. Kessel argues that the transfer of Parcels 1, 2, and 3 to Julie Rutherford are subject to the lis pendens. Julie Rutherford contends that her ownership interest in Parcels 1, 2, and 3 preceded the recorded deed by Robert Rutherford; that she holds legal title to Parcels 1, 2, and 3 free and clear of Kessel's judgment lien; and that she has been the owner, or beneficial owner via an implied trust, of Parcels 1 and 2 since 1999 or 2000.

## II.  LEGAL DISCUSSION

The United States Supreme Court has stated that for a federal action brought concurrently with a state action, once the state adjudication is complete, the disposition of the federal action is governed by preclusion law. Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 293 (2005). "The Full Faith and Credit Act, 28 U.S.C. § 1738 . . . requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give." Id. (citing Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986)).

Julie Rutherford filed this federal lawsuit on October 10, 2006, which was prior to the completion of all state court proceedings. On May 1, 2007, the North Dakota Supreme Court issued

an order affirming the state district court's decision. See Kessel v. Rutherford, 734 N.W.2d 342 (N.D. 2007). This affirmance was issued two-and-a-half months after the court first denied Kessel's motion for summary judgment. In light of the additional discovery undertaken in this case subsequent to this Court's February 15, 2007, order, and in light of the North Dakota Supreme Court's affirmance of the state district court's judgment, the Court needs to revisit Kessel's preclusion arguments and the findings set forth in the previous order. See Docket No. 15.

### A.   RES JUDICATA

It is well-established in the Eighth Circuit that the application of res judicata principles in a diversity action is a question of substantive law controlled by state common law. Lane v. Sullivan, 900 F.2d 1247, 1250 (8th Cir. 1990); Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir. 1997). North Dakota follows the general common law of res judicata.[1] "Res judicata is a term often used to describe such doctrines as merger, bar, and collateral estoppel, or the more modern terms of claim preclusion and issue preclusion." Borsheim v. O & J Properties, 481 N.W.2d 590, 596 (N.D. 1992). The applicability of res judicata or collateral estoppel is a question of law. Hofsommer v. Hofsommer Excavating, Inc., 488 N.W.2d 380, 383 (N.D. 1992).

Res judicata, or claim preclusion, "prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies and which was resolved by final judgment in a court of competent jurisdiction." Hofsommer v. Hofsommer

---

[1] Although collateral estoppel is a branch of the broader law of res judicata, the doctrines are not the same. Collateral estoppel, or issue preclusion, "generally forecloses the relitigation, in a second action based on a different claim, of particular issues of either fact or law which were, or by logical and necessary implication must have been, litigated and determined in the prior suit." Hofsommer v. Hofsommer Excavating, Inc., 488 N.W.2d 380, 383 (N.D. 1992).

8

Excavating, Inc., 488 N.W.2d 380, 383 (N.D. 1992) (emphasis added). The doctrine applies even if subsequent claims are based upon different legal theories. Ungar v. North Dakota State Univ., 721 N.W.2d 16, 21 (N.D. 2006). The Eighth Circuit has established a four-prong test to determine whether res judicata bars Julie Rutherford's claims in this case:

> A claim will be held to be precluded by a prior lawsuit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) both suits involve the same parties; and (4) both suits are based upon the same claims or causes of action. Furthermore, the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998). The Court will analyze each prong to determine the applicability of res judicata.

### 1. FINAL JUDGMENT ON THE MERITS AND PROPER JURISDICTION

The first element of res judicata requires that the first suit resulted in a final judgment on the merits. Hofsommer v. Hofsommer Excavating, Inc., 488 N.W.2d 380, 383 (N.D. 1992). The state district court lawsuit resulted in a judgment which was affirmed by the North Dakota Supreme Court on May 1, 2007. See Kessel v. Rutherford, 734 N.W.2d 342 (N.D. 2007). It is clear that the state district court action resulted in a final judgment on the merits and that the original lawsuit was based upon proper jurisdiction. The Court finds, as a matter of law, that the first and second prongs of the test for res judicata are satisfied.

## 2.     SAME PARTIES OR PRIVIES

The third element of res judicata provides that "only parties or their privies may take advantage of or be bound by the former judgment." Hofsommer, 488 N.W.2d at 383. It is undisputed that Julie Rutherford was not a named party to the state court action. Therefore, the Court must determine whether she was in privity with Robert Rutherford. "In general, privity exists if a person is so identified in interest with another that he represents the same legal right." Gratech Co., Ltd. v. Wold Engineering, P.C., 726 N.W.2d 326, 331 (N.D. 2007). "Fundamental fairness underlies any determination of privity." Id. Privity has been extended to a person who is not technically a party to a judgment, but who is connected with it by her interest in the prior litigation and by her right to participate in the litigation through employment of counsel, the payment of expenses or costs of the action, "or the doing of such other acts as are generally done by parties." Hofsommer, 488 N.W.2d at 384 (citing Stetson v. Investors Oil, Inc., 176 N.W.2d 643, 651 (N.D. 1970)).

In the "Order Denying Defendant Dean Kessel's Motion for Summary Judgment" dated February 15, 2007 (Docket No. 15), the Court concluded that Julie Rutherford was not in privity with Robert Rutherford. However, in light of the additional discovery undertaken since that order was issued, the Court has reconsidered its ruling and concludes that Julie Rutherford was in privity with Robert Rutherford for purposes of res judicata.

It is clear and undisputed that Julie Rutherford had the right, through her power-of-attorney over Robert Rutherford, to participate in the state court proceedings. She could have directed the litigation in state court in any manner she chose. Through her rights as power-of-attorney over her brother, Julie Rutherford could have aggressively pursued an appeal of the judgment entered in state

court on April 27, 2006, and she could have pursued an appeal of the district court order on September 29, 2006, which set aside the transfers of Parcels 1, 2, and 3 made by Rutherford to herself. The unilateral transfer of title to the three condominiums made by Julie Rutherford to herself - in the midst of the contested litigation in state court - is suspect, particularly when the depositions of Julie Rutherford are read in their entirety.

The deposition of Julie Rutherford reveals that, not only did she have a broad power-of-attorney and control over Robert Rutherford, but she also paid the defense attorneys' fees incurred in the state court action, and she sat at defense counsel's table during the entire civil trial in state court. See Docket No. 25-35, (Deposition of Julie Rutherford, pp. 20, 84), and Docket No. 25-34, (Deposition of Julie Rutherford, p. 27). Further, Julie Rutherford was present in the courtroom when documentation was presented which showed that Robert Rutherford owned the condominiums referenced as Parcels 1, 2, and 3. See Docket No. 25-34, (Deposition of Julie Rutherford, pp. 27-28). If ownership of the condominiums had in fact changed, Julie Rutherford had an obligation to "set the record straight" rather than allow her brother to testify falsely.

As a result of the additional discovery conducted since the issuance of this Court's order on February 15, 2007, the record now reveals that Julie Rutherford was very closely connected to the prior litigation. She participated in the state court litigation through employment of defense counsel, her attendance at the trial, and doing other acts generally done by parties. The Court concludes that fundamental fairness dictates a finding that Julie Rutherford was in privity with Robert Rutherford. In essence, Julie Rutherford was clearly "calling the shots" in the state court litigation. Her brother, Robert Rutherford, was in the custody of the North Dakota Department of Corrections; she held a broad power-of-attorney on behalf of Robert Rutherford; she sat at defense counsel table and

11

attended the entire trial; and she paid the attorneys' fees incurred in the defense of the lawsuit. The depositions of Julie Rutherford reveal a rather bizarre love-hate "relationship" that existed between herself and Robert Rutherford. The scenario of events are troubling when one considers the facts and circumstances that occurred before the filing of this lawsuit in federal court. It defies common sense to conclude that privity did not exist under the circumstances. In summary, the Court finds, as a matter of law, that Julie Rutherford was so closely connected with the underlying state court litigation that she was in privity with Robert Rutherford.

### 3. SAME CLAIMS OR CAUSES OF ACTION

The fourth prong to be addressed to determine whether res judicata applies is whether both suits are based upon the same claims or causes of action. The preclusion of the second lawsuit depends on whether "its claims arise out of the same 'nucleus of operative facts as the prior claim.'" Costner, 153 F.3d at 673 (quoting United States v. Gurley, 43 F.3d 1188, 1195 (8th Cir. 1994)).

Julie Rutherford's claimed property interest in Parcels 1, 2, and 3 in the state district court action arose out of the December 2, 2005, conveyance of three condominiums to herself. This unilateral conveyance occurred in the midst of the contested state court lawsuit while her brother, Robert Rutherford, was at significant risk of a civil judgment being entered against him. As previously noted, Robert Rutherford had been found guilty of burglary and assault in the beating of Dean Kessel. In this federal lawsuit, Julie Rutherford is attempting to quiet title in Parcels 1, 2, and 3 based on her unilateral conveyance of real estate that the state district court held was null and void. In essence, Julie Rutherford is attempting to undo the state district court order in federal court. Rutherford is attempting to relitigate an issue that arises out of the same "nucleus of operative facts"

as had been previously decided by the state district court in the underlying personal injury lawsuit. The basis for Julie Rutherford's claim to title in Parcels 1, 2, and 3 is whether the transfer by warranty deed of Parcels 1, 2, and 3 to herself was valid. Julie Rutherford is also attempting to collaterally challenge the state district court order and assert a vested interest in Parcels 1 and 2 based on undated, handwritten agreements between herself and Robert Rutherford allegedly dating back to 2000.[2] The Court finds, as a matter of law, that the claims now before the federal court are claims which arise out of the same nucleus of operative facts as the prior claim in state court.

### 4.    FAIR OPPORTUNITY TO BE HEARD

The final element necessary to establish res judicata is that the party against whom res judicata is asserted has been given a fair opportunity to be heard on the issue. This Court concluded in its order of February 15, 2007, that Julie Rutherford was not afforded a fair opportunity to be heard in the state court action on the issue of her asserted rights to Parcels 1, 2 and 3. See Docket No. 15. However, the additional discovery undertaken to date now presents a different picture.

Although Julie Rutherford was arguably not provided with notice of the post-trial, ex parte motion filed on September 26, 2006, she was not operating in a vacuum. She was in attendance and sat at defense counsel's table throughout Robert Rutherford's entire civil trial. She paid defense counsel's attorneys' fees. She was present when evidence was presented which revealed that Robert Rutherford was the owner of Parcels 1, 2, and 3. Julie Rutherford could have, and should have, "set the record straight" and spoken out about her alleged ownership interest in the condominiums.

---

[2] The Court has carefully reviewed the documents in the record purporting to establish Julie Rutherford's interest in Parcels 1, 2, and 3. The Court finds that the lease agreements and undated security agreements, many of which are handwritten, are vague, unclear, and suspect.

Through her power-of-attorney, Rutherford could have, and should have, aggressively pursued a reconsideration of the state district court order setting aside the transfer and/or appealed that specific ruling to the North Dakota Supreme Court. Fundamental fairness dictates that Julie Rutherford should not be able to: 1) obtain a power-of-attorney over her brother while he was in custody at the North Dakota State Penitentiary and facing a potentially large adverse judgment[3]; 2) take steps to transfer all of the property he owned in North Dakota, South Dakota and Minnesota to herself; 3) transfer all of the real property to herself just months before the contested trial in North Dakota took place - a lawsuit in which her brother was clearly at significant risk of having an adverse judgment entered against him; 4) employ defense counsel and sit at counsel table during the civil trial, and allow evidence or arguments to be presented as to who owned the condominiums in Bismarck without clarification; 5) choose not to aggressively pursue an appeal of the state district court order setting aside the transfer of the condominium properties; and 6) then pursue a separate quiet title action in federal court in an effort to nullify or reverse the final judgment of the state district court declaring the transfers of property null and void.

The Court holds that Julie Rutherford was provided a fair opportunity to be heard in state court regarding her claims of ownership of Parcels 1, 2, and 3. For reasons unknown, she chose to remain silent during the civil proceedings in state court and allow Robert Rutherford to assert an ownership interest in the condominium properties when she obviously knew that such evidence, from her perspective, was simply not accurate.

In summary, the Court finds that the requisite elements for the invocation of res judicata have been satisfied. Res judicata "prohibits the relitigation of claims or issues that were raised or could

---

[3] Julie Rutherford admitted that she had her brother in a "weak position" at the time because he was in jail. See Docket No. 25-35 (Deposition of Julie Rutherford, p. 72).

have been raised in a prior action between the same parties or their privies and which was resolved by final judgment in a court of competent jurisdiction." Hofsommer v. Hofsommer Excavating, Inc., 488 N.W.2d 380, 383 (N.D. 1992). The issues raised in Julie Rutherford's federal lawsuit revolve around the same nucleus of operative facts that were raised or could have been raised in the state court action. The state district court order and judgment was a final adjudication on the merits which was ultimately affirmed by the North Dakota Supreme Court. Kessel v. Rutherford, 734 N.W.2d 342 (N.D. 2007). Julie Rutherford was in privity with Robert Rutherford in the state court action, and she had a fair opportunity to be heard in the state court proceedings. Accordingly, the Court finds, as a matter of law, that Julie Rutherford is barred from the pursuit of a quiet title action in federal court by the doctrine of res judicata.

### III.   CONCLUSION

The Court has carefully reviewed the entire record, including the record of the state district court proceedings between Dean Kessel and Robert Rutherford, and the deposition testimony of Julie Rutherford taken in the North Dakota and Minnesota litigation. Subsequent to this Court's order of February 15, 2007, the North Dakota Supreme Court affirmed the judgment of the state district court which included the nullification of the transfer of real estate to Julie Rutherford made by herself. Based on this review, the Court finds, as a matter of law, that Julie Rutherford is barred by the doctrine of res judicata from challenging title to the condominium properties in question as to all defendants. Defendant Kessel's motion for summary judgment is **GRANTED**, and Julie Rutherford's motion for summary judgment is **DENIED**. Let judgment be entered accordingly as to all defendants.

**IT IS SO ORDERED.**

Dated this 12th day of May, 2008.

                */s/ Daniel L. Hovland*
                Daniel L. Hovland, Chief Judge
                United States District Court