**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Julie Rutherford, | ) | |
| | ) | **ORDER DENYING DEFENDANT** |
| Plaintiff, | ) | **KESSEL'S MOTION FOR COSTS** |
| | ) | **AND ATTORNEY'S FEES** |
| vs. | ) | |
| | ) | |
| Robert Rutherford, Dean Kessel, and | ) | |
| Elizabeth McGregor, | ) | Case No. 1:06-cv-081 |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is defendant Dean Kessel's "Motion for Fees (Rule 54)" filed on May 19,

2008.  See Docket No. 37.  The Plaintiff filed a response in opposition on May 28, 2008.  See

Docket No. 40.  For the reasons set forth below, defendant Kessel's motion is denied.

I.      **BACKGROUND**

The Court has previously detailed the facts of this action in the Order Granting Defendant

Kessel's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment,

filed on May 12, 2008.  See Docket No. 34.  The plaintiff, Julie Rutherford, filed a quiet title action

in this court arising out of a personal injury action initiated in state court by Dean Kessel against

Robert Rutherford, the brother of Julie Rutherford.  During the course of the state court action, Julie

Rutherford obtained a power-of-attorney over Robert Rutherford, who was incarcerated, and

conveyed to herself three condominium properties whose titles were recorded in Robert Rutherford's

name.  The state district court entered a judgment pursuant to a jury verdict in favor of Kessel against

Robert Rutherford.

After the state court judgment was entered, Kessel became aware of the transfer of properties

to Julie Rutherford and filed a motion to set aside the conveyance.  The state district court held that

the transfers were null and void, that the transfers had no legal effect, and that title remained in Robert Rutherford.  An appeal to the North Dakota Supreme Court was filed and the state court judgment was upheld.  Julie Rutherford subsequently brought a quiet title action in federal court alleging that the state court order setting aside her conveyance to herself was void, that her ownership interest preceded the recorded deeds of Robert Rutherford, and that she has been the beneficial owner via an implied trust of the three condominium parcels since 1999 or 2000.  On May 12, 2008, this Court granted summary judgment in favor of Kessel.  See Docket No. 34.

Kessel now moves for the recovery of costs and attorney's fees under Rule 54 of the Federal Rules of Civil Procedure.  See Docket No. 37.  Kessel also contends that such an award is allowed under Sections 28-26-01, 28-26-10, and 28-26-31 of the North Dakota Century Code.

II.    **LEGAL DISCUSSION**

This is a diversity action and therefore North Dakota law governs the determination of attorney's fees.  See Am. Home Assur. Co. v. Pope, 487 F.3d 590, 606 (8th Cir. 2007).  It is well-established that North Dakota generally follows the "American Rule," "which assumes each party to a lawsuit bears its own attorney fees." Deacon's Development, LLP v. Lamb, 710 N.W.2d 379, 382 (N.D. 2006) (citing Anderson v. Selby, 700 N.W.2d 696, 702 (N.D. 2005)).  It is well-established that a successful litigant is generally not entitled to the recovery of attorney's fees unless they are expressly authorized by statute or by agreement of the parties.  Gratech Co. v. Wold Engineering, P.C., 729 N.W.2d 326, 332 (N.D. 2007).

A.    **COSTS AND ATTORNEY'S FEES UNDER SECTIONS 28-26-01 AND 28-26-31**

Kessel argues that he is entitled to an award of attorney's fees pursuant to Section 28-26-01(2) of the North Dakota Century Code, and costs and attorney's fees pursuant to Section 28-26-31 of the North Dakota Century Code.  Section 28-26-01(2) reads as follows:

> In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party.  Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim.

When attorney's fees are requested under Section 28-26-01(2), the Court "must first determine whether a claim is frivolous.  If the court makes that determination, the court must then award reasonable attorney's fees to the prevailing party."  Soentgen v. Quain & Ramstad Clinic, P.C., 467 N.W.2d 73, 84 (N.D. 1991).  For purposes of Section 28-26-01(2), a claim is frivolous when there is "'such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in his favor.'"  Deacon's Development, 719 N.W.2d at 382 (quoting Peterson v. Zerr, 477 N.W.2d 230, 236 (N.D. 1991)).  "Authorizations of attorney's fees for frivolous claims are not meant to chill enthusiasm and creativity in pursuing factual or legal theories, and a court should not use the wisdom of hindsight to determine whether claims are frivolous."  Soentgen, 467 N.W.2d at 84.

Kessel also contends that he is entitled to costs, expenses, and reasonable attorney's fees under Section 28-26-31 of the North Dakota Century Code because the pleadings were not made in good faith.  Section 28-26-31 provides that "[a]llegations and denials in any pleadings in court, made without reasonable cause and not in good faith, and found to be untrue, subject the party pleading

3

them to the payment of all expenses actually incurred by the other party by reason of the untrue

pleading . . . ."

Kessel argues that Julie Rutherford knew or should have known that her cause of action was

without legal merit and that she never held legal title to the properties.  Kessel also contends that

Julie Rutherford knew or should have known that her claims were barred by the doctrine of res

judicata.

Neither basis for Plaintiff's commencement of a lawsuit against Kessel was completely absent

of actual facts or law that would prevent a reasonable person from expecting a court to render

judgment in favor of the Plaintiff.  The Court finds that there were legitimate, serious questions

raised as to Julie Rutherford's interest in the condominium properties and the effect of the state court

order setting aside the transfer of properties she made to herself.  The Court, in its discretion, finds

that the Plaintiff's quiet title action was not frivolous and was not made in bad faith.  Therefore,

Kessel is not entitled to an award of attorney's fees or costs under Sections 28-26-01(2) and 28-26-31

of the North Dakota Century Code.


### B.      COSTS UNDER SECTION 28-26-10

Kessel also argues that he is entitled to an award of costs pursuant to Section 28-26-10 of the

North Dakota Century Code which reads as follows:

> In actions other than those specified in sections 28-26-07, 28-26-08, and 28-26-09,
> costs may be allowed for or against either party in the discretion of the court. In all
> actions, when there are several defendants not united in interest and making separate
> defenses by separate answers and the plaintiff fails to recover judgment against all,
> the court may award costs to such of the defendants as have judgment in their favor.

(emphasis added).  Kessel contends that he has incurred costs for mileage, deposition transcripts, copying, and postage, for a total of $982.29.  See Docket No. 36.  The Court, in its discretion, denies the requests for an award of costs in this case.


**III.**    **CONCLUSION**

For the reasons set forth above, Kessel's Motion for Fees (Docket No. 37) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of June, 2008.

                                        /s/ Daniel L. Hovland                              
                                        Daniel L. Hovland, Chief Judge
                                        United States District Court